**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LINDA S. FLOWERS,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**6:11-cv-00572-JA-SPC**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff Linda S. Flowers' Uncontested Petition for Attorney's Fees (Doc. # 28) filed on September 14, 2012. The Plaintiff in this cause sought judicial review of the Commissioner's denial of Social Security benefits. On September 12, 2012, the Court reversed and remanded the Commissioner of Social Security's decision (Doc. # 24) under sentence four of 42 U.S.C. § 405(g). Judgment was entered on September 13, 2012 (Doc. # 25).

The Equal Access to Justice Act (hereinafter EAJA) requires a court to award a prevailing party attorney fees, costs, and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, a prevailing party is a party that succeeds on "any significant claim affording it some of the relief sought" in bringing the suit. Texas State Teachers Assoc. v. Garland Indep. Sch. Dist., 489 U.S. 782, 791 (1989). The Supreme Court subsequently clarified that a party who obtains a fourth sentence

remand in a Social Security case is a prevailing party for EAJA purposes. Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

In order for the Plaintiff to be awarded an award of fees and other expenses under the EAJA, the following five (5) conditions must be established: (1) the Plaintiff must file a timely application for attorney fees; (2) the Plaintiff's net worth must have been less than two $2 million dollars at the time the Complaint was filed; (3) the Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner INS, v. Jean, 496 U.S. 154, 158 (1990). The Court concludes that all five conditions of the EAJA have been met and the Defendant does not oppose the Court's finding.

EAJA fees are determined under the "loadstar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988). There is a strong presumption that the resulting fee is reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992).

Determination of the hourly rate is a two-step process. First, the Court determines the prevailing market rate; then if the prevailing market rate exceeds $125.00 per hour the Court determines whether to adjust the hourly rate. Meyer v. Sullivan, 958 F.2d 1029, 1033-1034 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates normally charged in Social Security cases. Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985). In this case, Plaintiff seeks fees for Attorney Richard A. Culbertson at a rate of $180.57 per hour for work completed in 2011 by Attorney Culbertson and Attorney Sarah Fay. Plaintiff also seeks $183.93 per hour

for work completed in 2012 by Attorney Culbertson. The Court finds that $180.57 and $183.93 per hour are reasonable rates for the Orlando, Florida region for 2011 and 2012, respectively.

The Plaintiff seeks fees for 2.4 hours at a rate of $180.57 per hour, and 0.8 hour at a rate of $183.93 per hour for Attorney Culbertson, and 20.0 hours at a rate of $180.57 for Attorney Sarah Fay.  After reviewing the record of services provided, the Court concludes that the twenty-three point two (23.2) hours expended on this case is reasonable. The Plaintiff seeks a total of $4,191.90 in fees and no costs. The Defendant has reviewed the petition for attorney's fees and does not object to the fees. Thus, the Court respectfully recommends that the attorney's fees of $4,191.90 be paid to Attorney Richard A. Culbertson.

Accordingly, it is now

**RECOMMENDED**:

The Plaintiff's Uncontested Petition for Attorney's Fees (Doc. # 28) should be **GRANTED**. Attorney's fees in the amount of **$4,191.90** should be paid as follows:

|  | Time | Rate | Total |
|---|---|---|---|
| (1) *In 2011:* | | | |
| Richard A. Culbertson: | 2.4 hours | $180.57/hr. | $433.36 |
| Sarah Fay: | 20.0 hours | $180.57/hr. | $3,611.40 |
| (2) *In 2012:* | | | |
| Richard A. Culbertson: | 0.8 hours | $183.93/hr. | $147.14 |
| | | | **Total: $4,191.90** |

Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, this 27th day of September, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record.